**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **LX TECH, LLC,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**HTC AMERICA, INC.,**<br><br>        **Defendant.** | **CIVIL ACTION NO. 2:15-cv-302**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff LX Tech, LLC ("Plaintiff" or "LX"), by and through its undersigned counsel, files this Original Complaint against Defendant HTC America, Inc. ("Defendant" or "HTC") as follows:

**NATURE OF THE ACTION**

1.      This is a patent infringement action to stop Defendant's infringement of United States Patent No. 6,362,599 ("the '599 patent") entitled "Method and Apparatus for Sensing the Status of a Vehicle". A true and correct copy of the '599 Patent is attached hereto as Exhibit A. Plaintiff is the owner by assignment of the '599 patent. Plaintiff seeks monetary damages and injunctive relief.

**PARTIES**

2.      Plaintiff is a limited liability company organized and existing under the laws of the State of Texas. Plaintiff maintains its principal place of business at 1400 Preston Road, Suite 400, Plano, Texas 75093.

3.      Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Washington, with its principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington 98005. Defendant can be served with process through its

registered agent, National Registered Agents Inc., 505 Union Avenue SE, Suite 120, Olympia, Washington 98501.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

5. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over Defendant because: Defendant is present within or has minimum contacts within the State of Texas and the Eastern District of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Defendant has sought protection and benefit from the laws of the State of Texas; Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

7. More specifically, Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Texas, and the Eastern District of Texas including but not limited to the Accused Instrumentalities as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas. Defendant solicits and has solicited customers in the State of Texas and in the Eastern District of Texas. Defendant has paying customers who are residents of the State of Texas and the Eastern District of Texas and

who each use and have used the Defendants' products and services in the State of Texas and in the Eastern District of Texas.

8.  Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Defendant has transacted business in this district, and has directly committed acts of patent infringement in this district.

### COUNT I – PATENT INFRINGEMENT

9.  Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-8 above.

10.  The '599 patent was duly and legally issued by the United States Patent and Trademark Office on March 26, 2002 after full and fair examination.  Plaintiff is the owner by assignment of the '599 patent and possesses all rights of recovery under the '599 patent, including the exclusive right to sue for infringement and recover past damages and obtain injunctive relief.

11.  Defendant owns, uses, operates, advertises, controls, sells, and otherwise provides methods and/or systems that infringe the '599 patent.  The '599 patent provides, among other things, "A battery protection system, comprising: (1) a switching mechanism positioned between a positive terminal of a battery and any electrical load greater than a minimal electrical current for maintaining volatile memories of an electrical component, ; (2) said switching mechanism being adapted to disconnect and reconnect the electrical load from said battery: (3) a battery state-of-charge detection system, said battery state-of-charge protection system having a controller for operating said switching mechanism when said battery state-of-charge detection system detects a battery state-of-change that is lower than a threshold value."

12.  Defendant directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products that infringed one or more claims of the '599 patent in this district and elsewhere in the United States. Particularly, Defendant

makes, uses, provides, offers for sale, and sells their product entitled HTC EVO 4G Cellular Phone and all other HTC devices which use Lithium Ion Batteries. ("Accused Instrumentality") which directly infringes the '599 patent.

13. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

14. In addition to what is required for pleadings under Form 18 for direct infringement in patent cases, and to the extent any marking was required by 35 U.S.C. § 287, Plaintiff and all predecessors in interest to the '599 Patent complied with all marking requirements under 35 U.S.C. § 287.

15. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. A judgment in favor of Plaintiff that Defendant has infringed one or more of the claims, directly, and/or jointly the '599 patent;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment

interest;

C. That, should Defendant's acts of infringement be found to be willful from the time that Defendant became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest, that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

D. Any further relief that this Court deems just and proper.

Dated: March 2, 2015                                     Respectfully submitted,

By: */s/ Austin Hansley*
**AUSTIN HANSLEY P.L.L.C.**
Austin Hansley
Texas Bar No.: 24073081
Brandon LaPray
Texas Bar No.: 24087888
5050 Quorum Dr. Suite 700
Dallas, Texas 75254
Telephone:    (469) 587-9776
Facsimile:    (855) 347-6329
Email: Austin@TheTexasLawOffice.com
Email: Brandon@TheTexasLawOffice.com
www.TheTexasLawOffice.com
**ATTORNEYS FOR PLAINTIFF
LX TECH, LLC**